No. 1519.—PENDERY & NAYLOR *v.* THE CRESCENT MUTUAL INSURANCE
COMPANY OF NEW ORLEANS.

A paper purporting to be a bill of lading, not signed by the captain or clerk of the boat, or any
any one authorized to sign the same, is not admissible in evidence in a suit for the
recovery of damages from the insurance company where loss has occurred by the destruc-
tion of the steamer. In such a case the document was inadmissible until proved by com-
petent testimony.

The evidence of the captain of the vessel as to the contents of a manifest, and the copy of the
manifest are inadmissible until the loss of the original manifest is shown by evidence.

Testimony taken by commission in another State of the Union is inadmissible in the courts of
this State unless the record of the testimony shows the authority of the commissioner
who executed the commission.

APPEAL from the Fourth District Court of New Orleans.   *Théard,*
J. W. W. *Handlin,* for plaintiffs and appellees.   *M. M. Cohen,*
for defendants and appellants.

WYLY, J.   This is a suit to recover the insurance on twenty bales
of cotton which the plaintiffs claim were covered by the open policy
of the consignee, Fred. Delbondio, with the defendants.

They aver that on twenty-sixth February, 1866, they shipped said
cotton to said consignee on the steamboat Mary Heinn, which was
destroyed with all its cargo and papers coming down Red river on or
about twenty-eighth February, 1866; that they had made arrange-
ments to consign their cotton to said Delbondio, who had an open
policy with the Crescent Mutual Insurance Company, of New Orleans,
to cover all the cotton consigned to them; that they sent with the boat
a letter notifying the consignee of the shipment, which was destroyed
with the boat, and afterwards they informed him thereof by telegram.

The defendants pleaded a general denial.

Judgment was rendered in favor of plaintiffs, and the defendants
appealed.

There is no doubt that Fred. Delbondio, the consignee, had an open
policy with the defendants, but the question is, was the cotton shipped
as alleged, and was it covered by the policy?

This is a question of fact.   The evidence to support it was objected
to by the defendants—the court overruling the objections, received the
evidence, and the defendants took four bills of exceptions.

The evidence, if admissible, establishes the fact and justifies the
judgment; but if the bills of exceptions were well taken the proof
does not sustain the judgment.

Plaintiffs offered a paper purporting to be a bill of lading without
any proof of the signature or that it had been signed by the captain,
clerk, or any one authorized to sign the same; the defendants objected,
the objection was overruled, and the defendants took a bill of excep-
tions.

The instrument being an act under private signature, and not signed
by the defendants, should not have been received without proof of the
signature.   The bill of exceptions was well taken.

The testimony of James Keniston, captain of the Mary Heinn,
was objected to on the ground that his depositions purport to have

been taken before a notary public of Hamilton county, Ohio, under a commission addressed to any judge or justice of the peace or Louisiana commissioner, and there was no proof of his official capacity, or that he was authorized to take the testimony under the commission. The bill of exceptions to this evidence was, in our opinion, also well taken. Barelli v. Lytle, et al. 4 A. 557; McMicken v. Stuart, 10 M. 571.

A bill of exceptions was also taken to the reception of the evidence of Captain Surls, offered to prove the contents of a manifest, and to the reception of the copy of manifest offered, on the ground that the testimony as to the contents and the copy of the manifest are not the best evidence, there being no proof of the loss of the original. We think the objection a good one, and the court erred in receiving this evidence.

The bill of exception to the deposition of James M. Davidson was also well taken, there being no proof of the authority of the notary or of the person pretending to be notary, in Ohio, to take the evidence. 5 N. S. 460; 10 M. 571; Baine v. Willson, 18 L. 59; 4 A. 557.

The evidence objected to was improperly received by the court, and without it, the plaintiffs have failed to make out their case.

It was a stipulated condition of the insurance that the assured should make monthly returns of all cotton insured. It appears from the return of the consignee, the said Delbondio, on sixth April, 1866, that the twenty bales for which insurance is now claimed, was not insured; no premium has been paid the defendants thereon.

The record does not, in our opinion, contain sufficient legal evidence to establish the facts necessary for plaintiffs' recovery.

It is therefore ordered that the judgment appealed from be avoided and annulled, and and it is now ordered that there be judgment as of nonsuit and that plaintiffs pay costs of both courts.

Rehearing refused.