In this case, the trial judge, in a well written opinion, has clearly set forth the facts and issues involved herein as follows:
"The plaintiff, Frank J. Coltora (Colotra), brings this suit against the defendant, Railway Express Agency, Inc., seeking the recovery of Two Hundred Ten Dollars and Eighty-one Cents ($210.81), with legal interest thereon from July 16th, until paid.
"The allegations of the petition show that the defendant Express Company received at New Lisbon, Wisconsin, a large electric neon sign, together with a crated refrigerator from one W.J. Pollard for shipment to the plaintiff, Coltora (Colotra); that the sign was packed in two boxes and was delivered to plaintiff at Covington, Louisiana; that upon examination it was found that the eighteen pieces of glass neon tubing, which formed the letters of the sign, were broken. Plaintiff further alleges that the defendant Company, through its own fault, gross negligence and carelessness failed to deliver the large electric neon sign in good condition to him as per their contract when it was entrusted and placed in their possession for safe delivery to him. The petition further shows itemized cost of plaintiff's damages and amicable demand on the defendant Company, and seeks the recovery of a penalty for failure to adjust the claim within sixty days as provided by Act No. 29, 1908, of the Acts of the Legislature of the State of Louisiana.
"In answer defendant admitted that it received the shipment at New Lisbon, Wisconsin, to be delivered at Covington, Louisiana; that said delivery was made on June 29th, 1945, and further admitted that upon examination it was found that the eighteen pieces of neon tubing, which formed the letters of the sign, were broken. It denied all the remaining allegations of plaintiff's petition and specifically denied, for want of information, that the breakage occurred while the shipment was in its possession, or alternatively occurred from a cause which rendered the defendant liable for said breakage. It is further denied by defendant that through its fault, gross negligence and carelessness that it failed to deliver the sign in good condition to plaintiff in accordance with their contract when it was entrusted and placed in its possession for safe delivery. Defendant denied any indebtedness whatsoever, and further, particularly denied that it is liable for any penalties under the provisions of Act 29, of 1908, on the ground that said Act is unconstitutional.
"On trial of the case plaintiff proved practically all of the allegations of his position *Page 70 
except Article 7, wherein it is alleged that the defendant, through its own fault, gross neglect and carelessness, failed to deliver the sign in good condition to petitioner as per their contract when it was entrusted and placed in their possession for safe delivery. The plaintiff further failed to prove that the sign was in good condition when delivered by the consignor, Pollard, to the defendant Company at New Lisbon, Wisconsin. Plaintiff argues in brief that it was not necessary for him to prove the negligence or carelessness of the defendant Company for under the law of Louisiana the burden was on the defendant to show that the damage to the shipment was not caused by its negligence. The defendant contends that in order for this plaintiff to make out his case he must have proved that the sign was in good condition at the time it was delivered to the defendant Company, and before such a showing is made it was not incumbent upon the defendant to show anything.
"Since the shipment of the merchandise involved in this suit originated in the State of Wisconsin and was destined for and delivered in the State of Louisiana, then said constituted an interstate shipment and the law of Louisiana governing the transportation of freight in intrastate commerce does not apply, but rather the provisions of the Interstate Commerce Act. See U.S.C.A. Title 49, Section 20, Paragraph 11.
"There is no question but that under the Interstate Commerce Act the delivering carrier under an interstate contract of affreightment is liable for goods lost, or damaged in transit. The provisions of that Act oblige a carrier to deliver merchandise entrusted it for carriage in the condition in which it was received. However, where a plaintiff seeks to recover under the provisions of said Act he must make some showing at least that the goods were in good condition at the time they were received by the carrier. In the case of Bancroft v. Yazoo and M. V. Railroad Company [194 La. 115], 193 So. 481, which was a suit by consignee against delivering carrier for goods lost or damaged in transit, the Supreme Court of this State held that in order to recover it was necessary for the consignee to allege and prove that the carrier received the shipment in good condition, that the shipment arrived at its destination in a damaged condition, and the amount of the loss. Plaintiff in this case has proved that the goods arrived at the destination in a damaged condition and the amount of the loss, but he has failed to prove that the carrier received the shipment in good condition, and under the holding of the Bancroft case, supra, he cannot possibly recover. See, also, Arwady v. Texas and N. O. R. Co., [La. App.], 18 So.2d 339.
"In a case of this character the plaintiff must at least make out a prima facie case of liability and where he falls to prove that the goods were in good condition when delivered to the carrier, he has failed to make out such a case. See, 10 Corpus Juris, 370, Section 568, which reads as follows:
" 'Plaintiff has of course the burden of proving the essential elements of his cause of action, required to be set out in his complaint, by a preponderance of evidence. The burden of proof is on plaintiff to show that the loss or injury was due to the negligence of the carrier in the exceptional instances where negligence is an essential of the cause of action. But the rule is well settled that, if goods are delivered to a carrier in good condition and arrive at their destination in damaged condition, a prima facie case of liability is made out, and the carrier is then called on to prove that the damage did not arise from its negligence. This rule, however, cannot be invoked until the shipper proves both delivery to the carrier in good condition and delivery by the carrier in a damaged condition.'
"See, also, 9 American Jurisprudence, 904, Section 834, which reads as follows:
" 'Where the action is for injury to the property, it devolves upon the plaintiff to show that the shipment was delivered to the carrier in good order or condition.'
"Plaintiff, in brief, in support of the proposition that the burden was on the defendant to show that the damage to the shipment was not caused by the negligence, cited the following cases: Kaplan Rice Mill, Inc., v. Texas and N. O. Ry. Co. [La. *Page 71 
App.], 26 So.2d 42; Calhoun v. American Railway Express Co., 3 La. App. 628; Bond v. Frost, 8 La. Ann. 297, and National Rice Milling Co. v. New Orleans Northeastern Ry., 132 La. 615
[61 So. 708, Ann.Cas. 1914D, 1099]. The first two of these cases had to do entirely with intrastate shipments, and, of course, are controlled by the provisions of the Louisiana law, Article 2754, Revised Civil Code. I might, however, add that even in these cases, as well as the other two cases cited by counsel, the plaintiffs proved that the goods were in good condition when delivered to the carrier.
"The plaintiff has also sued for a penalty of Fifty Dollars ($50.00), for the failure to pay the claim within sixty days in accordance with the provisions of Act 29, of 1908. Since the plaintiff herein has failed to recover the amount claimed, he of course, is not entitled to recover the penalty under the provisions of Section 2, of Act 29, of 1908. Therefore, it becomes unnecessary for me to pass on the constitutionality of said Act.
"I might further add that there is no evidence in this record to show the nature of the contract entered into when the goods were received by the carrier from the shipper. There is no evidence of a receipt or Bill of Lading having been given, nor is there evidence that it was given, or lost or anything of that character. Under the circumstances it does not seem that any presumption could possibly arise that the goods were in good condition at the time they were received by the carrier.
"Accordingly for the foregoing reasons there will be judgment herein in favor of the defendant, Railway Express Agency, Inc., and against the plaintiff, Frank J. Coltora (Colotra), rejecting the plaintiff's demands at his cost."
A judgment was signed in accordance with the above opinion and plaintiff has appealed.
In this court, plaintiff does not complain of the finding of fact as outlined in the trial judge's opinion and admits the only question at issue is one of law. He further admits that the law and jurisprudence applicable to these facts are those governing interstate shipments.
Plaintiff's contention before this court is that the trial judge was in error in holding that the burden of proof was on him rather than on the defendant to show the cause of the damage to the shipment while in transit. In this, he is mistaken in that the trial judge held that the burden of proof was on him to show at least that the goods were in good condition at the time they were received by the carrier, an essential requisite before he was entitled to recover.
[1] We have carefully reviewed the record, the authorities cited by the litigants, those commented upon by the trial judge and the trial judge's reason for judgment. We fully agree with the trial judge's statement wherein he states that the Supreme Court, in the case of Bancroft v. Yazoo M. V. Railroad Co.,194 La. 115, 193 So. 481, held "that in order to recover it was necessary for the consignee to allege and prove that the carrier received the shipment in good condition, that the shipment arrived at its destination in a damaged condition, and the amount of the loss."
Under the facts in this case, as set out by the trial judge's opinion, plaintiff has altogether failed to allege and prove that the carrier received the shipment in good condition, the first requisite proof to entitle him to recover. We cannot indulge in presumptions. Furthermore, as stated by the trial judge, he has also failed to file or produce the original way bill.
[2] Plaintiff further contends that this was an "express shipment" and that the defendant had collected an extra charge as insurance cost. The express receipt filed in evidence only shows that the shipment was valued at $250 and that the value charge was 20¢, express charge, $38.24, and tax, $1.15, totalling $39.62. It does not show any insurance charge. He has not based his suit on a contract of insurance, but has based it entirely on a contract of carriage. The extra charge on account of valuation is in accord, as stated by him, with the ruling of the Interstate Commerce Commission, and not in the nature of insurance. The reason for the difference between *Page 72 
freight and express charges is self evident. The former is generally slow while the latter is facts in delivery. We find no merit in this contention.
For these reasons, the judgment appealed from is affirmed.