**McNEELY & PRICE CO. v. The LAMBROOK et al.**

**No. 355 of 1948, Admiralty.**

United States District Court
E. D. Pennsylvania.

Sept. 28, 1951.

---

Clark, Brown, McCown, Fortenbaugh & Young, Philadelphia, Pa., for libellant.

Rawle & Henderson, Philadelphia, Pa., for respondents.

KIRKPATRICK, Chief Judge.

This is an action to recover for damage to a cargo of goatskins shipped from Madras to Philadelphia. The goatskins were packed in 30 bales covered with burlap, and the damage was caused by water, moisture or dampness which rotted a portion of the skins.

Laying aside for the moment the question of presumptions arising from the bill of lading acknowledging receipt in apparent good order and condition, and assuming that the burden of proof is upon the respondent upon all issues, it is indisputable that, if it be the fact that the water damage did not occur during the voyage or while the cargo was in the respondent's possession, the respondent is not liable. The evidence upon this basic question is circumstantial but not conflicting. It is for the Court to draw the inference and, so doing, I make the finding that no water sufficient to cause damage reached the goatskins while they were in the possession of the respondent.

The testimony of Captain Orr is clear and convincing to the effect that everything reasonably possible was done to avoid water from any source getting into the 'tween decks hold where this cargo was stowed and, when taken in connection with the other testimony, is sufficient to support a finding that no substantial amount of water did get in. With refreshing honesty, Captain Orr left open two possibilities, namely, that some small amount of water might have got in through the ventilators during one day of heavy weather at sea, and that, during loading at Colombo, some rain water may have entered if the hatches had not been covered. All he could say as to that was that, whenever work was suspended by rain during loading, the regular procedure was to cover the hatches and there is no evidence that this was not done at Colombo. His evidence as to the precautions taken throughout the voyage and the impression one gets from his testimony that the ship was very competently officered supports the conclusion that the cargo was not allowed to get wet while in the ship's care. Evidence of what might have happened is not proof of what did happen. Absolute certainty is not required to meet the burden of proof in any case, and it seems to me that Captain Orr was about as definite as any witness, testifying about events of four years ago and desiring to be absolutely truthful, could be expected to be.

There is, however, evidence beyond Captain Orr's testimony which strongly supports the Court's finding, and, in this respect, the case is radically different from McNeely & Price Co. v. Ellerman & Bucknall Steamship Co., Ltd. and The City of Windsor, D.C., 100 F.Supp. 339, in which Judge Kalodner held the respondent liable. In the City of Windsor case the testimony was that the burlap covering showed water stains and that these stains coincided with the internal areas where the water had damaged the goatskins. This fact taken in connection with the presumption arising from the issuance of an "apparent good order" bill, together with the opinion of an expert who fixed the time of the wetting as subsequent to the shipment of the goods, justified Judge Kalodner's conclusion that the bales had been wet after having been received on board.

In the present case, Mr. Meinell, the libellant's expert surveyor, testified that there was no evidence of wetting on the burlap covering anywhere. On the contrary, one flat side of each of two bales in which the skins were damp and rotted

had been cut away and patched and replaced by different burlap. There is no evidence that this was done during the voyage and, if it was not, it must have been done before loading and, of course, if the bales had been wet, recovering the wet sides would help to get a clean bill of lading. In addition to this, Mr. Meinell's opinion based on vast experience with this particular type of cargo was that the wetting which caused the damage which he found could have taken place three or four months prior to the time he inspected it or as early as June or July of 1947, or before the cargo was taken on.

The most that the clean bill of lading which the Captain gave on receiving the cargo could do in this case would be to put the burden of proof upon the respondent to show either that the wetting did not occur during the voyage or that, if it did, it was not the result of any negligence. The clean bill is not conclusive on either point. I think that the respondent has fully met the burden on the first point and that eliminates the second.

Decree for the respondent.