63 So.2d 743.

YUSPEH v. ACME FAST FREIGHT, Inc.

No. 40646.

Feb. 16, 1953.

Bienvenu & Culver, New Orleans, P. A. Bienvenu, New Orleans, of counsel, for plaintiff-applicant.

Lemle & Kelleher, H. Martin Hunley, Jr., Dart, Guidry & Price, Edward F. Wegmann, New Orleans, J. H. Wright, Charles A. Helsell, Chicago, Ill., for respondents.

MOISE, Justice.

In the exercise of our supervisory control, art. 7, § 11, Const.1921, we granted writs from a judgment of the Court of Appeal, Parish of Orleans, affirming the judgment of the Civil District Court. This judgment dismissed plaintiff-consignee's suit against two common carriers for alleged damages to dry goods in transit between Chicago and New Orleans. 54 So. 2d 866.

The plaintiff alleges that he was the owner of certain dry goods; that this merchandise was consigned to him by Debutante Frocks of Chicago, Inc. and was shipped f. o. b. Chicago, being transported by Acme Fast Freight, Inc., to the Illinois Central Railroad in Chicago, and from the I. C. R. R. to Acme in New Orleans and then to plaintiff; that upon receipt by plaintiff, the merchandise was found to be in a damaged condition, as fully described in his petition; and that plaintiff, after assuming 50% of the loss and donating the merchandise salvaged from the shipment to charitable institutions, suffered and claims damages in the amount of $589.48. Plaintiff states he lost the bill of lading, but alleges that the carrier possessed a copy.

The carrier, Acme Fast Freight, Inc., answered, denying the good condition of the merchandise when received by it, and denied its possession of a bill of lading.

The Illinois Central Railroad, having received the goods from Acme Fast Freight, Inc., in Chicago and having delivered it to Acme in New Orleans, was called in warranty by Acme. The railroad company denied that the consignee owned the merchandise; that the goods were in good condition when received by Acme in Chicago; that the damage occurred in transit; that the amount of damage was proper; or that it had in its possession a copy of plaintiff's bill of lading.

The law is well established that when a consignee makes a claim against the carrier for damages to goods in transit,

the consignee, in order to recover, must prove the following: (1) receipt of the goods in good condition; (2) the damaged condition when delivered; and (3) the amount of the loss. Bancroft v. Yazoo & M. V. R. Co., 194 La. 115, 193 So. 481; Colotra v. Railway Express Agency, La. App., 32 So.2d 69; Snowden v. Tremont & G. Ry. Co., La.App., 140 So. 122; Arwady v. Texas & N. O. R. Co., La.App., 18 So.2d 339; 53 A.L.R. 1002; 106 A.L.R. 1160; 3 L.L.R. 317; and Hall v. Houston E. & W. T. R. Co., 9 La.App. 577, 121 So. 769.

■ Here the burden of proof rests upon plaintiff. Wichers v. New Orleans Acid & Fertilizer Co., 128 La. 1011, 55 So. 657. The legal duty imposed is to establish with reasonable certainty that the goods were in good condition when received by the carrier. Bancroft v. Yazoo & M. V. R. Co., supra; Hall v. Houston E. & W. T. Ry. Co., 9 La.App. 577, 121 So. 769; Ohio Galvanizing & Mfg. Co. v. Southern Pac. Co., 6 Cir., 39 F.2d 840; Id., 282 U.S. 879, 51 S.Ct. 83, 75 L.Ed. 776. This principle is the substantial application of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C.A. § 20(11). The Act imposes liability upon the carrier for damages caused by it to the lawful holder of the bill of lading. The bill should recite the condition of the merchandise when received for shipment. *However, when the bill of lading is lost, the initial condition must be shown by proof—documentary or secondary*

*evidence—before it can be argued that the carrier is liable for damages.*

Article 2279 of the LSA–Civil Code speaks with authority:

> "*When an instrument in writing,* containing obligations which the party wishes to enforce, *has been lost or destroyed,* by accident or force, evidence may be given of its contents, *provided the party show the loss,* either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable; and in this case, the judge may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary." (Italics ours.)

■ Plaintiff merely gave an indemnity bond, stating that the bill of lading was lost. He made no effort whatsoever to comply with the law. Pendery v. Crescent Mutual Ins. Co., 21 La.Ann. 410; 49 U.S.C.A. § 94. He did not issue a subpoena duces tecum for a copy of the bill of lading on the railroad company or on the Acme Fast Freight, Inc.; nor did he attempt to even prove the contents of the lost instrument. He now endeavors to give life to a presumption which he invokes without fulfilling the requirements of law. Louisville & N. R. Co. v. Hendricks, 233 Ala. 259, 171 So. 273; Perkett v. Manistee & N. E. R. Co., 191 Mich. 106, 157 N.W. 388; Delphi Frosted

Foods Corp. v. Illinois Cent. R. Co., 6 Cir., 188 F.2d 343; Atlantic Coast Line R. Co. v. Georgia Packing Co., 5 Cir., 164 F.2d 1; and Railway Exp. Agency, Inc. v. Ferguson, Tex.Civ.App., 242 S.W.2d 462.

We must not be unmindful that plaintiff lost the bill of lading; that this bill of lading was his property; that it was in the original form; and that it was one of the criterions of showing the integrity of the shipment when originally received by the carrier. Rivera S.-C. v. Texas & N. O. R. Co., 211 La. 969, 31 So.2d 180, 172 A.L.R. 791.

An object thrown upward will continue to ascend after the release of the instrument of propulsion, but there must be a coming back to the earth. The plaintiff has stated his cause with zeal and energy, but to the legal mind, there must be a "coming back to earth."

The cases cited by plaintiff, namely, L. Frank & Co., Inc. v. Ill. Cent. R. Co., La. App., 43 So.2d 88; Aman v. Dover & Southbound R. Co., 179 N.C. 310, 102 S.E. 392; Western Maryland R. Co. v. Cross, 96 W.Va. 666, 123 S.E. 572; and Standard Combed Thread Co. v. Pennsylvania R. Co., 88 N.J.L. 257, 95 A. 1002, L.R.A.1916C, 606, are not apposite. They might be authority for the theory that a bill of lading is read into every interstate shipment; but not in the instant case because the bill of lading has been lost, and no proof of loss nor proof of the contents of the lost instrument

—on which plaintiff now relies for the establishment of his suit—has been submitted.

The judgment appealed from is affirmed at plaintiff's cost.