**The NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY, Defendant, Appellant,**

v.

**SEABOARD SALES CORPORATION et. al., Plaintiffs, Appellees.**

No. 5327.

United States Court of Appeals First Circuit.

June 30, 1958.

John A. Briggs, Boston, Mass., with whom Edmund M. Sweeney and Arthur D. Healey, Boston, Mass., were on brief, for appellant.

William T. Conlan, Boston, Mass., with whom Ely, Bartlett & Brown, Boston, Mass., was on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This appeal from a judgment entered on a verdict for the plaintiffs in a suit against a carrier for damage to goods in transit presents only a single simple question.

It is conceded that the plaintiffs were the owners of goods being transported on a freight train of the defendant, a common carrier, which suffered a derailment on October 15, 1955, in Darien, Connecticut. The defendant was the delivering carrier of the shipments which had originated in distant states, one shipment in Los Angeles, California, and the other in Evansville, Indiana. The plaintiffs filed claims for the damage to their property, but not receiving satisfaction, seasonably brought suit in the court below, each alleging in separate counts the right to recover, first, under § 20(11) of the Interstate Commerce Act, 49 U.S. C.A. § 20(11), and second, for common law negligence. The defendant answered denying the allegations of each count and pleading affirmatively that the derailment of its train was caused by an Act of God.

When the case came on for trial by jury in the court below, counsel for the plaintiff without objection by counsel for the defendant announced in his opening statement that counsel in the case had "simplified the problem of damages," by stipulating the amounts thereof, which he wrote down on the blackboard. After writing down the figures, he said: "It is agreed those were our net damages after salvage, after the damaged goods were salvaged, and this is the net loss. So that the plaintiffs in this case seek to recover these sums of money, plus interest up to the present time."

At the end of the plaintiffs' evidence the defendant moved for a directed verdict on the ground that the plaintiffs had failed to introduce evidence that the merchandise involved was in good order and condition when it was delivered to the originating carriers for transportation, which it contended was an essential element of their cases. The court denied the motion for the reason that the stipulation as to the amount of the plaintiffs' damages made evidence of the condition of their goods when received for shipment wholly unnecessary. The court submitted the issue of the defendant's liability to the jury on instructions to

the effect that the stipulation of the parties as to damages obviated the necessity of proof by the plaintiffs of the condition of the goods when delivered to the initiating carriers. The jury returned verdicts for the plaintiffs in the amounts stipulated as the damages sustained by each, and the defendant then moved for judgment notwithstanding the verdicts on the same ground advanced in support of its motion for directed verdicts. The court, adhering to its view, denied the motion and entered the judgment on the verdicts from which the defendant has taken this appeal.

The only question presented for our consideration is whether the court below erred in ruling that the parties' stipulation as to damages relieved the plaintiffs of the necessity of proving the condition of the goods involved when delivered to the originating carriers at each shipment's point of origin.

The answer to this question seems almost too obvious to call for discussion. But counsel for the defendant-appellant has pressed his point so strenuously that some analysis seems in order.

 It is, of course, elementary, and the defendant-appellant, as it must, concedes, that there are two basic issues in actions to recover for property damage; there is the issue of the amount of the plaintiff's loss and there is the issue of the defendant's liability to respond to the plaintiff to the extent of that loss. And there must be proof by the plaintiff of both issues before he is entitled to a recovery. Thus in the ordinary case of this sort a plaintiff-shipper would have to prove not only his damages, which would be the difference between the value of his goods when delivered to the originating carrier for transportation and the value of his goods when delivered by the terminating carrier to the consignee, but he would also have to show that the defendant-carrier was legally liable to respond in damages measured by the difference in the value of his goods. And, to provide a basis for calculating the difference in their value, a shipper in these cases would normally show the condition of his goods when delivered to the originating carrier, so that their value at that time might be determined, and he would also show their damaged condition on delivery to indicate their lessened worth at that time. See Ohio Galvanizing & Mfg. Co. v. Southern Pac. Co., 6 Cir., 1930, 39 F.2d 840, certiorari denied 1930, 282 U.S. 879, 51 S.Ct. 83, 75 L.Ed. 776. Thus the condition of the shippers' goods either at the origin or at the termination of their transportation bears only upon their value at the beginning or at the end of transportation. But by stipulating the amount of damages suffered the difference in their value before and after movement went out of the case making evidence of their condition at either end of their journey immaterial and irrelevant, and leaving in issue only the question of the defendant's liability to pay the stipulated amount of the damages. And certainly the condition of the plaintiffs' goods at the origin of their shipment, or for that matter on delivery, be that condition good, bad, or indifferent, has nothing whatever to do with the question of the defendant's liability to respond in damages. Evidence of the condition of the goods bears only on the issue of the amount of the damages suffered by each plaintiff and that is precisely what was stipulated.

Judgment will be entered affirming the judgment of the District Court.