225 So.2d 72 (1969)
AETNA INSURANCE COMPANY
v.
GENERAL TERMINALS TRANSFER AND STORAGE, INC. and Lykes Bros. Steamship Co., Inc.
No. 3534.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1969.
Milton E. Brener and Trudy H. Oppenheim, New Orleans, for plaintiff-appellant.
Hooper, Schmidt & Early, L. C. Schmidt, New Orleans, for defendant-appellee.
Terriberry, Carroll, Yancey & Farrell, G. Edward Merritt, New Orleans, for defendant-appellee.
Before YARRUT, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
This suit for $418.34, allegedly the amount of loss occasioned by damage to metal and ceramic furniture and woodenware during shipment from Florence, Italy, to Hurwitz-Mintz in New Orleans, Louisiana, was instituted by Aetna Insurance Company, as subrogee of Hurwitz-Mintz, *73 its insured, against General Terminals Transfer and Storage, Inc., and Lykes Bros. Steamship Co., Inc., carriers for hire. The petition alleges the property was damaged by General Terminals while that defendant was transporting the merchandise from the docks in New Orleans to the Hurwitz-Mintz establishment on Chartres Street or, alternatively, by Lykes during transportation from Leghorn, Italy to New Orleans.
After trial on the merits there was judgment in favor of both defendants and against the plaintiff, dismissing the latter's suit at its cost. Plaintiff has appealed.
The merchandise was shipped from various parts of Italy to Florence where it was packed in eleven containers. The containers then were trucked to Leghorn, a seaport, and there delivered to the Lykes vessel, SS ELIZABETH LYKES, which issued its bill of lading acknowledging receipt of the containers in apparent good order and condition. One month later the vessel delivered the containers, in the same apparent good order and condition, to General Terminals (which had been hired by Hurwitz-Mintz to truck the merchandise to the latter's place of business) at the Nashville Avenue Wharf in New Orleans. The cargo then was delivered by General Terminals to Hurwitz-Mintz which acknowledged receipt, again in apparent good order and condition. The record contains no evidence that the containers were damaged in any manner.
The damage to the contents, consisting of scratched, loosened and broken pieces, was discovered by Hurwitz-Mintz when its employees opened the crates a short time after receipt.
Hurwitz-Mintz notified Dorf International, the freight forwarder, and it in turn notified the plaintiff, Aetna. Aetna had a cargo survey made to determine the cause and extent of the damages and, under its insurance contract, paid Hurwitz-Mintz the amount in suit. The record fails to show if and when notice of the claimed damage was given to either defendant.
During the course of the trial plaintiff offered two depositions taken by the American Consul in Florence and the testimony of four witnesses. One of the depositions was given by Sergio Campani, the packer of the merchandise, who stated he had been engaged in the packing business for twenty-five years, the merchandise in question (which had been packed under his personal supervision) was properly packed and in perfect condition at the time of the packing, and the merchandise was under his control for two days after which it was delivered to an independent transport company, Santacroce & Cellieri. The other deposition was given by Luciano Cellieri, a co-owner of the transport company. His deposition states the goods had been transported from Florence directly to the pier at Leghorn by way of a motor carrier not owned by him or his company and the containers, in good condition, had been hoisted to the ship by the usual means. Mr. Cellieri had no personal knowledge of what had occurred during the truck transportation of the goods between Florence and Leghorn. The witnesses called by plaintiff were its warehouseman and comptroller, who testified relative to the discovery of the damage; George L. LeBeuf, who gave testimony regarding only the payment of the insurance claim by plaintiff to Hurwitz-Mintz; and Charles W. Voigt, Jr., an inspector of damaged cargo for appraisal purposes, the cargo surveyor employed by plaintiff to determine the cause and extent of the damage. Mr. Voigt testified that some of the merchandise appeared to have been damaged between the original packing and the Hurwitz-Mintz warehouse; but he could not determine when the balance of the damage had occurred. On cross examination this witness admitted all of the damage could have occurred in any part of the transit, including the trucking from Florence to Leghorn, the ocean voyage, or the trucking from the New Orleans wharf to the Hurwitz-Mintz warehouse.
General Terminals offered two witnesses, its general manager and its lift truck operator *74 who assisted in delivering the merchandise to Hurwitz-Mintz. Their testimony is generally to the effect that General Terminals used due care in the delivery and the same was made without incident which would cause the damage complained of. Lykes offered no evidence except its bill of lading and the delivery receipt to General Terminals.
In order to recover a claim against a carrier for damage to, or loss of, goods in transit the consignee must prove: (1) receipt of the goods by the carrier in good condition; (2) the damaged condition or the loss of the goods when delivered; and (3) the amount of the loss. 46 U.S.C.A. § 1303; Yuspeh v. Acme Fast Freight, 222 La. 747, 63 So.2d 743; Jensen v. Matson Nav. Co., D.C., 71 F.Supp. 939.
In the instant case there is no serious dispute regarding the fact that the merchandise was delivered to Hurwitz-Mintz in a damaged condition; nor is there any dispute regarding the amount of the damages claimed. Although the litigants have argued other issues, the primary question presented, and because of our conclusion thereon the only one we need consider, is whether the plaintiff has borne its burden of proving that either defendant received the merchandise in good condition.
Plaintiff argues that a shipper's "clean" bill of lading is prima facie evidence of the good order and condition of the goods at the time of delivery to the carrier and when the consignee has shown such a "clean" bill of lading and receipt of the goods in bad order, the burden is on the carrier to prove such facts as would exonerate it from liability for the damage. We do not agree with plaintiff's argument insofar as the rule relied on applies to the facts of this case.
Evidence regarding the condition of goods in shipments originating in distant ports, together with their custody, transportation,. etc., is difficult to obtain and the carrier's receipt or bill of lading acknowledging the goods were received in good order and condition, or apparent good order and condition, in some cases may meet the plaintiff's burden of proving the first requisite, good order and condition of the goods upon receipt by the carrier. However, where the goods are packed in containers and where the damage is of a kind that could have been present without being observable from the exterior of the containers at the time the goods were delivered to the carrier, the bill of lading relates only to the external condition of the cargo, i. e., to the containers themselves and not to their contents. Under these circumstances it is incumbent upon the consignee to offer further evidence relative to the good condition of the contents upon receipt by the carrier. McNeely & Price Co. v. The Exchequer, D. C., 100 F.Supp. 343; McNeely & Price Co. v. The Lambrook, D. C., 100 F.Supp. 345; John R. Evans & Co. v. The Express, D. C., 100 F.Supp. 347; Arwady v. Texas & N. O. R. Co., La.App., 18 So.2d 339; Schuyler v. Cunard S. S. Co., 1967 A.M.C. 896; 67 A. L.R.2d 1048 § 8.
In the instant case the containers were not damaged in any way and the damage could be discovered only by opening the containers and examining the contents. Therefore, it was incumbent upon the plaintiff to prove the good condition of the packaged contents upon receipt of the goods by both carriers. As the record reveals the damage could have occurred at any time during the journey from Florence to Leghorn, and as plaintiff has offered no evidence relative to the transportation of the goods by truck over that leg of the journey, we conclude that plaintiff has failed to prove the good condition of the contents upon receipt thereof by either of the defendants.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.