REGAN, Judge.
Plaintiff, Frischhertz Electric Company, Inc., filed this suit against the defendants, Strickland Transportation Co., Inc., and its cargo liability insurer, Transport Insurance Company, to recover the sum of $818.79, representing the replacement cost of eight cadium batteries allegedly damaged in transit between the manufacturer’s New York warehouse and its destination in New Orleans.
Defendant, Strickland, answered denying liability. In the alternative, it pleaded plaintiff’s recovery should be limited to the contents of two cartons that plaintiff noted were damaged when the goods were received. The defendant insurer filed no answer, and this is noted in the record; however, plaintiff did not move for a default judgment and this claim was not considered.
From a judgment dismissing plaintiff’s suit against Strickland on a finding that the plaintiff failed to establish the liability of the carrier by a preponderance of the evidence, plaintiff has prosecuted this appeal.
The record reveals plaintiff received a shipment of electrical supplies at a job site in Arabi, Louisiana, from the Lightalarms Electronics Corporation in Brooklyn, New York and eight wet batteries included therein were damaged by leaking acid. The record does not disclose whether the damaged merchandise was a total loss or whether plaintiff made any attempt to minimize its damages. We need not discuss at length the evidence relating to custody of the merchandise at the time it was damaged, because plaintiff failed to prove that the defendant, Strickland, received the batteries from the manufacturer in Brooklyn, New York.
To recover the value of goods damaged in transit from the common carrier, the consignee must prove: (1) the carrier received the goods from the manufacturer in good condition; (2) the merchandise arrived damaged; and (3) the amount of the loss.[1]
In conformity with the rationale emanating from Yuspeh, plaintiff could have met its burden by producing the original bill of lading showing the merchandise was received by the carrier without an exception to its condition being noted. But the bill of lading in this case, when considered with other freight bills, raises a doubt as to whether Strickland was the carrier at the point of origin. We refer to these items:
(1) The bill of lading has this notation: “To H & R Trucking Co.” This carrier’s name is stamped on the bill. In another place, Strickland appears as the carrier.
(2) The freight bill shows Strickland issues its bill from South Kearny, New Jersey.
*238 (3) The exception issued by Strickland noting damage to two cartons on arrival in Arabi, shows there were three points of transfer between Brooklyn and the Arabi job site.
Defendant denied receiving the merchandise in Brooklyn in its answer, and the bill of lading does not prove this point. We are convinced that the plaintiff should have explained how H & R Trucking Company fits into the picture and this it failed to do. The three points of transfer en route raises the possibility that another carrier was involved, particularly since another firm is noted on the bill of lading. The record does reflect Strickland transferred the merchandise at New Orleans from one truck to another but the third transfer is not explained.
We are of the opinion that the plaintiff was required to clarify or explain these questions to meet its burden of proof and this it failed to do. Accordingly, we agree with the result reached by the lower court.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Yuspeh v. Acme Fash Freight, 222 La. 747, 63 So.2d 743 (1953).