RELIABLE SEWING MACHINE CO., INC. *vs.* PRICE SEWING MACHINE Co. (and a companion case[1]). March 30, 1977. These actions for conversion of certain sewing machines were brought by writs dated October 15, 1969, and July 31, 1970, respectively. During a jury waived trial the parties arrived at an agreement which was reduced to writing, dated, and filed in court on May 9, 1975, pursuant to which the defendants agreed to purchase the machines at their fair market value to be determined by one Retkin as of July 15, 1969. (The parties have informed us that Retkin made that determination of value.) The parties also agreed that further damages were to be awarded based on the fair rental value of the machines for whatever times those ma-

---

[1] Reliable Sewing Machine Co., Inc. *vs.* Pransky Sewing Machine Corp.

chines would have been rented during the period between July 15, 1969, and May 15, 1975, that the defendants would pay the amount of the actual rental loss during that period based on the fair rental value of the machines, as to be determined by one Berkowitz, and that the plaintiff would accept that amount "in full payment for all consequential damages which may have been suffered by it." The agreement further stated that an "Agreement for judgment based on this formula is to be filed on or before May 28, 1975." It would appear that Berkowitz did not make the anticipated determination and that no agreement for judgment was filed, as trial was resumed on May 29, 1975. At that time the court received without objection testimony of an officer of the plaintiff relative to the fair rental value of the machines and the amount of rental loss during the formula period. Testimony in mitigation of the amounts testified to by the plaintiff's witnesses was received from the defendants' witnesses. It appears that the parties stipulated to the measure of damages for loss of use (apparently applying the method stated in cases such as *Jackson* v. *Innes,* 231 Mass. 558, 560 [1919]), and, in the absence of the determination of those damages by Berkowitz, left it to the judge to make the determination from the evidence which was before her. As the parties had stipulated to the formula by which damages were to be determined, we need not rule on whether a different measure should have been applied. The defendants appear to argue that as they had stipulated that they would purchase the machines at a price to be determined by Retkin, it was error for the judge to have followed the remainder of the stipulation by assessing damages based on fair rental value. They argue that damages should not have been assessed beyond those based on the fair market value of the machines at the time of the conversion, plus interest from that time to the date of the judgment (*Lawyers Mortgage Inv. Corp. of Boston* v. *Paramount Laundries, Inc.* 287 Mass. 357, 361 [1934]) and ask us to reverse that part of the judgment. We decline to do so (see *Loring* v. *Mercier,* 318 Mass. 599, 601 [1945]), as the parties, as was their right, agreed upon another method. *Loranger Constr. Co.* v. *C. Franklin Corp.* 355 Mass. 727, 730 (1969). *New York, N.H. & H.R.R.* v. *Seaboard Sales Corp.* 258 F. 2d 376, 378 (1st Cir. 1958). The defendants have not demonstrated any abandonment of the stipulated measure of damages, or that they were otherwise freed from the effect of their stipulation so as to permit the application of the measure of damages set out in cases such as *Lawyers Mortgage Inv. Corp.* On the other hand, the plaintiff has argued that it is entitled to interest as well as the fair rental value for the formula period. However, the plaintiff was as bound by the stipulation as were the defendants, and as the stipulation did not provide for interest, the plaintiff is not, in the circumstances of this case, entitled to interest. Contrast *Swift* v. *American Universal Ins. Co.* 349 Mass. 637, 642 (1965). Absent a clear indication of agreement to the contrary, the plaintiff is not entitled to both interest on the money representing the value of the machines and the rental value of those machines. See *George* v. *Coolidge Bank & Trust Co.* 360 Mass. 635, 641 (1971); Restatement of Torts §§ 927, 931 (1939). The evidence before the judge warranted her finding and ruling that there had been a conversion. *Joy Stevens of Cal.* v. *Plymouth Finishing Co. Inc.* 355 Mass. 390, 394 (1969). *Buckley* v. *White,* 328 Mass. 653, 654 (1952). *Manhattan Clothing Co. Inc.* v. *Goldberg,* 322 Mass.

472, 475 (1948). Restatement (Second) of Torts §§ 222A, 237 (1965). Harper & James, Torts § 2.27 (1956). The judge's finding as to the fair rental value of the machines was based on the stipulated formula and was warranted on the evidence. The parties have not complained about part I of the judgment entered in this case. Part II of the judgment is to be modified by striking therefrom the words "with interest from the date of the writ" and, as so modified, is affirmed.

*So ordered.*

*Charles J. Wilkins* for Pransky Sewing Machine Corp.
*Michael A. Casoli* for Price Sewing Machine Co.
*Raymond J. Sweeney* for the plaintiff.