M. F. ROACH COMPANY *vs.* TOWN OF PROVINCETOWN & another. July 7, 1967. The final decree declared (1) that the plaintiff (the contractor) was not entitled to recover, either on the contract or in quantum meruit, further amounts from the town on account of substantial work under a unit price contract concerning the Provincetown airport; (2) that the contractor was not entitled to any recovery, at least in this proceeding, against the other defendant Commonwealth Corporation (Comcorp), the town's engineer; and (3) that the town was not entitled to liquidated damages from the contractor for delay. It would serve no useful purpose to state the unnecessarily repetitive reported evidence. In our opinion the trial judge erroneously concluded that the contractor was barred from relief (a) because it permitted Comcorp to perform engineering services for it, and (b) because it received permission from Comcorp to vary the thickness of the top layer of the bituminous surface of the taxiway and apron. We interpret the contract as requiring Comcorp to measure quantities by cross sections and as permitting the contractor to rely on, and have the benefit of, such measurements. The engineering services for the contractor did not involve conduct by it which should

Rescript Opinions.

bar relief by application of the doctrine of "clean hands." See *Walsh* v. *Atlantic Research Associates, Inc.* 321 Mass. 57, 65–67; *Fisher* v. *Fisher*, 349 Mass. 675, 677. In the circumstances the deviation from the precise specifications of the bituminous surface did not constitute a material breach of contract or a failure in good faith to attempt to perform the contract. Since the judge's erroneous conclusions on these points so completely affected his ultimate conclusion, the case should be remanded to the Superior Court for reconsideration (upon the present record and any further evidence which may be received) of the trial judge's findings and conclusions on other issues, unaffected by the underlying erroneous conclusions. The trial judge should also reconsider his ruling that recovery could not be afforded to the contractor against Comcorp because it was not a party to the unit price contract. See *Wilson* v. *Jennings*, 344 Mass. 608, 621.

*Final decree reversed.*

*Joseph H. Elcock, Jr.* (*John D. Dwyer* with him) for the plaintiff.
*Robert A. Welsh, Jr.* (*Maurice M. Goldman* with him) for the Town of Provincetown.