## M. F. ROACH COMPANY *vs.* TOWN OF PROVINCETOWN & another.

Suffolk. February 7, 1969. — April 23, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Unlawful Interference. Damages,* Counsel fees.

Findings by the trial judge in a suit in equity that the defendant, an engineering corporation, "was totally lacking in good faith and integrity in its relationship" with the plaintiff and with a town with which the plaintiff had a construction contract, that the defendant's conduct "was the primary reason for . . . delay in the completion of the contract, thus depriving the . . . [plaintiff] of the opportunity of earning the profit on the unfinished items" thereof, and that the defendant "wrongfully interfered with the performance by the . . . [plaintiff] of its contract" with the town, entitled the plaintiff to damages from the defendant for the loss of profits on the unfinished contract items where no legal justification for the interference was shown. [732]

Where it appeared that the plaintiff in a suit in equity joined a claim against one defendant for breach of contract with a claim against another defendant for unlawful interference with that contract, whereby the plaintiff was forced to sue the first defendant in order to protect his rights, that the first defendant settled with the plaintiff, and that the plaintiff was entitled to recover damages from the second defendant, the plaintiff was also entitled to recover from the latter the amount of counsel fees incurred by the plaintiff solely in prosecuting the claim against the first defendant. [732–733]

BILL IN EQUITY filed in the Superior Court on May 24, 1963.

The defendant Commonwealth Corporation appealed from a final decree after rescript entered by *Lappin,* J.

*Stephen A. Hopkins* for the defendant Commonwealth Corporation.

*John D. Dwyer (Joseph H. Elcock, Jr.,* with him) for the plaintiff.

. REARDON, J. In *M. F. Roach Co.* v. *Provincetown,* 353 Mass. 745, the final decree in this suit was reversed and the suit was·remanded to the Superior Court for·reconsideration

of findings and conclusions by the trial judge based on that rescript opinion, including reconsideration of possible recovery against the Commonwealth Corporation (corporation). After further hearing and entry of a new final decree, the town settled with the plaintiff and the town's appeal from the decree was dismissed. On the corporation's appeal we deal only with the part of the decree aimed at it. The evidence is reported and the judge filed voluntary findings. He has now found that the corporation through its agent "was totally lacking in good faith and integrity in its relationship with the Town of Provincetown and with the . . . [plaintiff]," and that its conduct "was the primary reason for the delay in the completion of the contract, thus depriving the . . . [plaintiff] of the opportunity of earning the profit on the unfinished items," and that it "wrongfully interfered with the performance by the . . . [plaintiff] of its contract with the Town." The judge assessed damages against the corporation for the plaintiff's loss of profits on uncompleted contract items. We accord the judge's findings the customary review. *Sulmonetti* v. *Hayes,* 347 Mass. 390, 391–392. He was not plainly wrong. The plaintiff adduced evidence sufficient to show an intentional interference with its contractual rights with the town which, in the absence of legal justification, established malicious interference in law and entitled it to recover. *Keegan* v. *O'Donnell,* 310 Mass. 346, 350, and cases cited. *Caverno* v. *Fellows,* 300 Mass. 331, 333.

The judge awarded the sum of $7,500 to the plaintiff for counsel fees. While, as we indicated in *Chartrand* v. *Riley,* 354 Mass. 242, 243–245, counsel fees are not ordinarily collectible as an element of damage, the rule has its exception in the event of tortious conduct similar to that in this case requiring the victim of the tort to sue or defend against a third party in order to protect his rights.

This case deviates from the usual in that the plaintiff, instead of first suing the third party and then recovering counsel fees incurred in that action from the tortfeasor in a second action, has joined both claims in one lawsuit. A

similar situation was faced by the Supreme Court of California in *Prentice* v. *North Am. Title Guar. Corp.* 59 Cal. 2d 618. There the plaintiffs agreed to sell land and to subordinate the mortgage they received in return to a mortgage given by the vendees in return for money to be used to build an apartment house on the property. The money was used for other purposes by the vendees, who later filed a petition in bankruptcy. The plaintiffs brought a suit against the vendees and the holder of the first mortgage to quiet title, and against an escrow holder for negligence. The plaintiffs obtained a decree quieting title, and also an award of damages against the escrow holder, which appealed. The court held that counsel fees incurred in suing the vendees and the first mortgagee, a suit necessitated by the negligence of the escrow holder, were recoverable from the latter party. This was not altered by the fact that the actions were "tried in the same court at the same time." *Prentice* v. *North Am. Title Guar. Corp., supra,* at p. 621.

We feel that the result reached by the California court was correct. It would be unjust to deprive the plaintiff of its damages from the tortfeasor merely because it has conserved judicial resources by bringing one suit instead of two. Of course, it can be allowed only those counsel fees incurred in suing the third party.

Paragraph 2 of the final decree relating to the corporation is reversed. The case is remanded to the Superior Court for determination of the amount of counsel fees incurred solely in prosecuting the plaintiff's claim against the town. A new paragraph 2 of the final decree shall enter ordering payment by the corporation to the plaintiff of (a) $4,866, with interest from the date of filing the bill, for loss of profits on uncompleted contract items, and (b) the amount of counsel fees determined as above directed.

*So ordered.*