*Northern District*

No. 8025

**MAYFIELD POPE**

v.

**NORMAN R. BRETON**
and
**ROYAL INDEMNITY COMPANY**

Argued: May 17, 1973 - Decided: Sept. 26, 1973

*Present:* Cowdrey, P.J., Flynn, Bacigalupo, JJ.

Case tried to *McKenney, J.* in the Municipal Court of Roxbury, No. 64146 of 1972.

**Cowdrey, P.J.** This is an action arising out of a motor vehicle accident on May 15, 1971, in Boston, Massachusetts.

The plaintiff's declaration is in two counts. The first count is in tort against the defendant Breton for negligence and damages are claimed for loss of earnings not covered under the plaintiff's personal injury protection policy under the provisions of G.L. c. 90, §§ 34A and 34 M (the so-called no fault statute).

The second count is in contract against the defendant, Royal Indemnity Company (Royal), the plaintiff's insurer, for breach of contract alleging that benefits due and payable to the plaintiff under its personal injury protection policy have not been paid.

The defendant Royal filed an answer in abatement alleging that the plaintiff joined in one action two separate and distinct causes of

action which answer was sustained by the trial court. The cause is before this Division on the correctness of this ruling.

The following is an agreed statement of facts:

On May 15, 1971, the plaintiff, while operating his motor vehicle in Boston, Massachusetts, was in collision with a motor vehicle owned and operated by the defendant Breton. As a result of said collision, the plaintiff alleges he was incapacitated from performing his work duties from May 15, 1971 to June 4, 1971, with a resulting loss of earnings or earning capacity in the amount of $825.00. That the plaintiff was paid by his employer $825.00 during his absence from work between May 15, 1971 and June 4, 1971. That it is not known whether the said $825.00 paid by the plaintiff's employer to the plaintiff was paid under a wage continuation program or its equivalent as defined under G.L. c. 90, §§ 34A and 34M. That if the plaintiff was paid under a wage continuation program or its equivalent, the defendant, Royal Indemnity Company is not liable for breach of contract as alleged in Count 2 of plaintiff's declaration, and that the tort action in negligence against the defendant Breton would lie. That if the plaintiff was not paid under a wage continuation program or its equivalent, the contract action would lie against the defendant Royal Indemnity for 75% of said loss of earnings or

earning capacity for breach of contract as alleged in Count 2 of plaintiff's declaration and that the tort action in negligence against the defendant Breton as alleged in Count 1 of plaintiff's declaration would lie for the remaining 25%.

G.L. c. 231, § 4A is as follows: "Two or more persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to recover in respect or arising out of the same matter, transaction, occurrence or series of matters, transactions or occurrances. A party need not be interested in obtaining or defending against all the recovery demanded."

The recovery which the plaintiff seeks in this action is for all loss sustained from the accident. It first must be determined that an accident happened and upon such determination, Royal's liability to the plaintiff, its assured. Breton's liability to the plaintiff is contingent upon such determination.

G.L. c. 231, § 4A is to be liberally construed as indicated in *Walsh* v. *Curcio,* 358 Mass. 819. We therefore conclude that the causes of action contained in the plaintiff's declaration were properly joined, both having arisen out of the same matter or occurrence. Joinder of such causes will prevent circuity of action resulting in conservation of judicial resources.

*M. F. Roach Co.* v. *Provincetown,* 355 Mass. 731.

The answer in abatement filed by the dedant Royal is overruled.

KANTROVITZ & KANTROVITZ of Boston
   for Plaintiff

PARKER, COULTER, DALEY & WHITE of Boston
   for Defendant