FRANK O'CONNOR REALTY CO., INC. *vs.* CHRISTOS K. PATSADES. No-
vember 8, 1979. 1. The plaintiff's principal contention on appeal is
that it was error for the Superior Court judge to strike certain of the
findings contained in the master's report. We do not agree.

The judge struck "all of the Master's findings which concern issues
which necessarily and directly involve" the Chamberlayne School and
Chamberlayne Junior College (Chamberlayne), and its trustee in
bankruptcy, as inappropriate because neither was a party to this liti-
gation. He ruled that "[i]t makes no judicial sense at this stage of the
proceedings to join [them] as parties defendants." See Mass.R.
Civ.P. 19(a)(1), 365 Mass. 765 (1974). His ruling striking those por-
tions of the master's report was neither erroneous as matter of law nor

an abuse of discretion. See Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974) ("The court after hearing may adopt the report or may modify it or may reject it in whole or in part . . .").

Moreover, as there was already pending a bankruptcy proceeding involving these same parties, we think that the judge could properly have concluded, as he appears to have done, that in such circumstances the specific matters involving them should be presented to the Bankruptcy Court or the United States District Court which has jurisdiction over the assets of Chamberlayne. See 28 U.S.C. § 959(a) (1976).

2. The plaintiff also claims error in the denial of costs to it. See Mass.R.Civ.P. 54(d), 365 Mass. 821-822 (1974). The desired costs were "wholly in the discretion of the court." G. L. c. 261, § 13, as appearing in St. 1973, c. 1114, § 345. See *George* v. *Coolidge Bank & Trust Co.*, 360 Mass. 635, 640 (1971). On this record we discern no abuse of discretion.

3. The judge's decision was correct in the other respects complained of.

*Judgment affirmed.*

*Edward J. Davis* (*Edward M. Dangel* with him) for the plaintiff.
*Roy Frank Kipp,* for the defendant, submitted a brief.