DAVID WALDMAN vs. AMERICAN HONDA MOTOR CO., INC.,
& another.[1]

No. 90-P-140.

Hampshire. May 17, 1991. - October 7, 1991.

Present: ARMSTRONG, DREBEN, & GREENBERG, JJ.

Further appellate review granted, 411 Mass. 1104 (1991).

*Practice, Civil*, Costs, Discovery. *Witness*, Fee.

Discussion of civil cases involving taxation of expert witness fees and costs against a losing party. [452-454]

A Superior Court judge has discretionary authority under G. L. c. 261, §§ 1 and 13, to award to the prevailing party its actual costs of litigation, including expert witness fees, as ordinary costs under Mass.R.Civ.P. 54 (d) and (e). [454-456]

The record of a products liability action demonstrated no abuse of discretion in the judge's awarding the prevailing defendants their actual costs, including expert witness fees and expenses [456-457], and certain disposition costs [458-459].

CIVIL ACTION commenced in the Superior Court Department on January 4, 1982.

After review by the Appeals Court, 27 Mass. App. Ct. 1415 (1989), a motion for taxation of costs was considered in the Superior Court Department by *Elizabeth A. Porada*, J.

*Wendy Sibbison* for the plaintiff.

*David H. Sempert* for the defendants.

ARMSTRONG, J. The plaintiff, unsuccessful in this products liability action, appeals from an order awarding as costs the defendants' expert witness fees ($13,305.54), deposition costs ($2,826.09), and other costs, such as trial transcripts and appellate brief costs,[2] amounting in the aggregate to

---

[1] Honda Motor Co., Ltd.

[2] The case was here before, on appeal from the judgment on the merits. See 27 Mass. App. Ct. 1415 (1989).

$18,837.08.[3] These were awarded as ordinary costs under Mass.R.Civ.P. 54(d) and (e), as amended, 382 Mass. 821 and 829 (1980), and Mass.R.A.P. 26(c) and (d), 365 Mass. 873 (1974), not as penalty costs under G. L. c. 231, § 6F, or Mass.R.A.P. 25, as amended, 376 Mass. 949 (1979). The plaintiff questions the court's authority to tax substantial expert witness fees, as contrasted with the nominal witness fees taxable under G. L. c. 262, § 29 (six dollars a day and ten cents a mile), and contends that the judge abused her discretion in any event.

## Expert Witness Fees

There is precedent in decided cases for the taxation of expert witness fees and costs against the losing party. See *Linthicum* v. *Archambault*, 379 Mass. 381, 389-390 (1979); *Goulet* v. *Whitin Mach. Works, Inc.*, 399 Mass. 547, 555 (1987); *Maillet* v. *ATF-Davidson Co.*, 407 Mass. 185, 194-195 (1990); *Connors* v. *Howard Johnson Co.*, 30 Mass. App. Ct. 603, 607 (1991). See also *Osborne* v. *Biotti*, 404 Mass. 112, 113 (1989), describing how such an order was affirmed in *Osborne* v. *Selectmen of Manchester*, 24 Mass. App. Ct. 1111 (1987). In *George* v. *Coolidge Bank & Trust Co.*, 360 Mass. 635, 640 (1971), the court, in affirming an order denying taxation of "expenditure for depositions, expert witness fees, transcribing of testimony, printing of the record and testimony, and costs of printing for briefs," said: "We do not know why the judge did not award those costs, but G. L. c. 261, § 13, places the matter 'wholly in the discretion of the court,' and no abuse of that discretion has been shown."[4]

---

[3]The requested costs that were excluded by the judge were principally the travel expenses of the defendants' attorneys.

[4]The decision at this point cites *Chartrand* v. *Chartrand*, 295 Mass. 293, 297 (1936), an action involving multiple claimants to the proceeds of an insurance policy. There, the insurer sought and was denied its counsel fees. The *Chartrand* decision, affirming the denial, stated that "[c]ommonly such allowances are made" under G. L. c. 231, § 40 (a general interpleader statute now repealed), but, because this case was governed by G. L. c. 261, § 13, "costs shall be wholly in the discretion of the court," and "[i]t cannot quite be said that there was abuse of discretion in refusing to allow the request of the insurer."

The *George* decision, if it stood alone, could be understood as saying only that such costs as may be awardable are, by G. L. c. 261, § 13, discretionary with the judge — no implication being intended that each item sought as costs was in fact legally allowable. The decision seems to have been read more broadly. In the *Linthicum* case, a G. L. c. 93A action in which the successful plaintiff sought to recover his expert witness fees under § 9(4) (requiring that, where a violation of the act is found, "reasonable attorney's fees and costs incurred in connection with said action" be awarded), the court stated: "Although the award of expert witness fees is usually discretionary," citing the *George* passage, "we think that reasonable expert witness fees should normally be recoverable in a c. 93A case in order to vindicate the policies of the act." 379 Mass. at 389.

In *Goulet* v. *Whitin Mach. Works, Inc., supra* — a case not involving c. 93A — an order allowing expert witness fees was affirmed over a contention of abuse of discretion, the court first discussing the source of the authority for such an award. This was said to be G. L. c. 261, § 1, which provides in broad terms that a "prevailing party shall recover his costs, except as otherwise provided," and G. L. c. 261, § 13, as amended through St. 1973, c. 1114, § 345, which provides that where "no provision is expressly made by law, the costs shall be wholly in the discretion of the court . . . ."

It is often said that the "usual rule in Massachusetts is that the litigant must bear his own expenses." *Linthicum* v. *Archambault*, 379 Mass. at 389. The decision in *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 70 (1977), listed three exceptions to that general rule: where (1) a statute permits awards of costs; (2) a valid contract or stipulation provides for costs; or (3) rules concerning damages permit recovery of costs. This formulation was repeated in *Broadhurst* v. *Director of the Div. of Employment Sec.*, 373 Mass. 720, 721-722 (1977).[5]

---

[5]The *Fuss* decision upheld an award of costs of deposition under Rule 3:15, § 9, of the Supreme Judicial Court, 351 Mass. 812 (1967), the predecessor of Mass.R.Civ.P. 30-32, 365 Mass. 780-790 (1974)(depositions),

In *Creed* v. *Apog*, 6 Mass. App. Ct. 365, 376-377 (1978), this court, relying on the "usual" rule (as had the trial judge), held nontaxable the cost the defendant incurred in purchasing a letter of credit, required by a surety company as collateral security for a surety bond that was required to dissolve an attachment which the ultimately unsuccessful plaintiff had placed on the defendant's property. A statute, G. L. c. 223, § 122, authorized taxing as costs the premiums paid to the surety company for the bond: thus, the premiums were held properly taxed. But the statute was silent as to the cost of any security the surety company itself might require. On further appellate review the Supreme Judicial Court reversed, holding that, in the absence of a statute or rule expressly or impliedly to the contrary, Mass.R.Civ.P. 54(d) ("costs shall be allowed as of course to the prevailing party unless the court otherwise directs") controls. Rule 54(d), the court stated, "is consistent with G. L. c. 261, § 1, which provides that '[i]n civil actions the prevailing party shall recover his costs, except as otherwise provided.'" 377 Mass. at 524. The court stated that the "broad generality that 'in Massachusetts, a litigant must bear his own expenses' . . . has many exceptions and must be tempered by the policies expressed in Mass.R.Civ.P. 54(d), and G. L. c. 261, §§ 1 and 13." *Id.* at 525. The case was remanded to the judge to exercise her discretion whether to allow the additional amount. The *Goulet* case cited *Creed* v. *Apog* in holding that the award of costs, including expert witness fees, was authorized by G. L. c. 261, §§ 1 and 13.

The dicta in the *George* and *Linthicum* cases and the holding in *Goulet* refute the plaintiff's contention that expert witness fees are taxable as costs only to the extent specified in G. L. c. 262, § 29 (six dollars a day, ten cents a mile) and that Mass.R.Civ.P. 54(d) should be interpreted to adopt the

---

but reversed an award of unspecified "general costs" (in the round amount of $5,000) under G. L. c. 208, § 38; c. 209, § 33; and c. 215, § 45. The *Broadhurst* decision reversed an award of costs against the Commonwealth but relied not on the general rule but on specific provisions of rule (Mass.R.Civ.P. 54[d]) and statute (G. L. c. 261, § 14) restricting the taxing of costs against the Commonwealth.

Federal practice under the corresponding Federal rule. That would be our normal approach, since the operative language of Fed.R.Civ.P. 54(d) ("Except when express provision therefor is made either in a statute . . . or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs") reads identically to our own rule. *Rollins Envtl. Serv., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). Here, however, the underlying Federal statutory scheme has been construed very differently from our own. The Federal statute listing taxable costs, including witness fees (at thirty dollars per day), 28 U.S.C. § 1920(3) (1988), is interpreted as limiting the fees that the court may allow: this reflecting the original language of the predecessor statute, Act of Feb. 26, 1853, 10 Stat. 161: "That in lieu of the compensation now allowed by law to attorneys, solicitors, . . . and . . . witnesses . . . in the several States, the following and no other compensation shall be taxed and allowed." *Crawford Fitting Co.* v. *J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). Although the quoted language of exclusivity no longer appears in the statute, it has been held that the omission was "without any apparent intent to change the controlling rules." *Alyeska Pipeline Serv. Co.* v. *Wilderness Soc.*, 421 U.S. 240, 255 (1975).[6]

In practical effect, then, the usual rule seems to be that the victorious party's actual costs are taxable in the discretion of the judge under the authority of G. L. c. 261, §§ 1 and 13. The formulation of *Fuss* v. *Fuss (No. 1)*, that the usual rule is that the litigant bears his own expenses, subject to three exceptions, is technically true; but the first of those exceptions, where "a statute permits awards of costs," in effect swallows the "usual rule," G. L. c. 261, § 1, having been interpreted in accordance with its broad and seemingly plain mandate: that a "prevailing party shall recover his

---

[6]"The 1948 Code does not contain the language used in the 1853 Act and carried on for nearly 100 years that the fees prescribed by the statute 'and no other compensation shall be taxed and allowed,' but nothing in the 1948 Code indicates a congressional intention to depart from that rule." *Alyeska Pipeline Serv. Co., supra* at 255-256 n.28.

costs, except as otherwise provided." If some categories of costs fall outside the governance of G. L. c. 261, § 1, such as attorneys' fees,[7] the *Goulet* decision makes clear that expert witness fees fall within it.

We cannot say, on the record before us, that it was an abuse of discretion to allow the expert witness fees in this case. It is probably unusual for an injured plaintiff to be assessed substantial costs in favor of a corporate defendant in a products liability action; more commonly cost shifting is justified as balancing the litigating power of indigent plaintiffs against moneyed interests. See Note, Expert Witness Fees: Protection for the Indigent Party, 48 Nw. U.L. Rev. 106 (1953), cited in *Linthicum* v. *Archambault*, 379 Mass. at 389. The statute and the rule, however, are drafted in neutral terms, not reflecting a socioeconomic leaning. Accordingly, on a bare record,[8] we cannot say that this particular shifting

---

[7]Attorneys' fees have been held generally not taxable as costs except where a statute so provides. *Kohl* v. *Silver Lake Motors, Inc.*, 369 Mass. 795, 801 (1976). See discussion in *Harrison* v. *Textron, Inc.*, 367 Mass. 540, 554-555 (1975); *Black* v. *School Comm. of Malden*, 369 Mass. 657, 663-664 (1976). Contrast *M.F. Roach Co.* v. *Provincetown*, 355 Mass. 731, 732 (1969), discussed in *Harrison* v. *Textron, Inc.*, 367 Mass. at 555.

[8]The record of the trial was presumably before this court in the earlier appeal, see note 2, *supra*, but no longer is. Perhaps to create a substitute record, new counsel for the plaintiff sought a hearing on the defendants' motion for costs. The judge acted on the motion without a hearing. This was not error; still less was it error not to make findings. The usual rule in our practice is that motions may be acted on without hearing, where the same is not particularly required by statute, rule, see Superior Court Rule 9A(b)(1) and (2), or decision, and without giving a statement of reasons. Mass.R.Civ.P. 52(a), 365 Mass. 817 (1974).

This is true of posttrial motions concerning costs, which "should not deteriorate into ancillary major litigation." *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 544 (1985). Contrast contempt proceedings and proceedings arising under G. L. c. 215, § 34A, *Kennedy* v. *Kennedy*, 23 Mass. App. Ct. 176, 180-182 & nn. 3 & 5 (1986). Posttrial motions relative to taxing discretionary costs are usually considered on affidavits and vouchers, as in this case, see, e.g., *Maillet* v. *ATF-Davidson Co.*, 407 Mass. at 194-195, although the judge may in his discretion afford a hearing. An evidentiary hearing would be required if the underlying facts disclosed by the affidavits and vouchers were contested. See *Boynton* v. *Tarbell*, 272 Mass. 142, 146 (1930); *Manganaro Drywall, Inc.* v. *White Constr. Co.*, 372 Mass.

of costs was necessarily improper.[9]

There is also no merit to the argument that the plaintiff should not be taxed for those portions of the expert witnesses' fees that paid for pretrial preparations, time spent in travelling, reimbursements for meals, and the like. These experts happened to bill for time spent plus expenses. Others may charge a flat fee; the distinction the plaintiff suggests would in all likelihood merely lead all experts, in the future, to adopt the flat fee method of billing. A sounder approach would be to recognize that, as between the expert witness and his client, the fee may be computed as they agree. The question for the judge is whether the total fee, however computed, was reasonably and necessarily incurred and, as this is a discretionary cost,[10] whether all, some, or none thereof should be taxed to the losing party. If a decision is made to tax such costs, conservative principles should normally be applied, see *Hayden* v. *Hayden*, 326 Mass. 587, 596-597 (1950); *Rex Lumber Co.* v. *Acton Block Co.*, 29 Mass. App. Ct. 510, 521-522 (1990); but, again, on this record we cannot say the judge abused her discretion in taxing the entire fee to the plaintiff.

---

661, 666 (1977); *Abdallah* v. *Boumil*, 4 Mass. App. Ct. 499, 500-501 (1976). See discussion of cases in *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 628-631 (1978). Here, the judge was asked to apply her judgment to essentially undisputed facts.

[9] The plaintiff also contends that the nominal, statutory witness fee should be held to limit the expert's fee because G. L. c. 261, § 13, requires that "no greater amount shall be taxed" for discretionary costs "than is allowed for similar charges in actions in which costs are expressly provided for by law." The expert witness fee, however, normally reflects pretrial labor by the expert, in examining evidence, conducting tests, and consulting with the party for whom he is called. These may not be required of an expert compelled to testify at nominal witness-fee rates. *Stevens* v. *Worcester*, 196 Mass. 45, 56 (1907).

[10] Rule 54(d), reflecting G. L. c. 261, § 19, provides that, "[e]xcept for those costs which are subject to the discretion of the court, costs shall be taxed by the clerk according to law." The costs taxed by the clerk include those which are fixed by statute. See, e.g., G. L. c. 261, §§ 23, 25A, 26, and G. L. c. 262, collecting the statutory fees, such as entry fees, jury trial fees, fees for service of process, witness fees, etc.

### Deposition Costs

Rule 54(e) of the Massachusetts Rules of Civil Procedure, as amended, 382 Mass. 829 (1981), which does not have a counterpart in the Federal Rules of Civil Procedure, provides for the taxation of deposition costs in "the discretion of the court, but in no event shall costs be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at the trial." This standard reflects Federal case law interpreting the application of 28 U.S.C.A. § 1920(2) (1988) (fees for "stenographic transcript[s] necessarily obtained for use in the case. . . .") to deposition transcripts and copies thereof. See *United States* v. *Kolesar*, 313 F.2d 835, 838-840 (5th Cir. 1963).

The plaintiff argues that the award of deposition costs must be reversed because the judge made no explicit finding that the costs were reasonably necessary. The finding was implicit, however, in the order allowing the deposition costs. The purpose of the rule is to fix a standard by which the judge is to be guided in taxing deposition costs; it would not measurably protect the party against whom costs are to be taxed to require the judge to recite the standard in his order. Contrast Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), which requires that a partial judgment may be entered "only upon an *express* determination that there is no just reason for delay" (emphasis added).

The plaintiff properly concedes that the present record generally does not enable us to review the basis for the implicit finding that the costs were reasonably necessary. This is true even of the deposition (apparently Langelier's) that was the subject of the March 28, 1985, order that the defendants pay for its cost; the order, being interlocutory, was subject to revision at any time before the entry of judgment. *Trudel* v. *Gagne*, 328 Mass. 464, 465 (1952). We cannot say, as matter of law, that the videotaping of the Zimbler deposition was unnecessary, nor do we know the added cost of that method of preservation of deposition testimony. The same is true of the $308 spent for an expedited trial transcript of the

plaintiff's testimony. That added cost may have been found unnecessary in *National Bancard Corp.* v. *VISA, U.S.A., Inc.*, 112 F.R.D. 62, 64-65 (S.D. Fla. 1986)(the party ordering the daily transcript had several attorneys in the courtroom at all times taking notes), but this is a matter for the discretion of the judge.

*Order on costs affirmed.*