Volterra, J.
On October 5, 1993, the Appeals Court remanded this matter to me so that the award of counsel fees could be explicated by including specific facts and reasons to support any ultimate finding that various identified claims were wholly insubstantial, frivolous, and not advanced in good faith. This order *230 was predicated on the assumption that I had awarded counsel fees pursuant to G.L.c. 231, §6F. I was ordered to remit the findings on or before November 22, 1993.
In my order for judgment on damages dated August 11, 1993, I ordered that the defendants Payne, Driscoll, Marchant and Martin pay the plaintiffs reasonable attorneys fees and costs. I found that the sum of $133,485.81 was a fair and reasonable amount of money for the legal fees and expenses which were incurred by King. This award of counsel fees was not made pursuant to G.L.c. 231, §6F. Rather,, the award of counsel fees and expenses was predicated on my findings which were made in my Findings, Rulings and Order for Judgment which I filed on September 30, 1992. The Findings, Rulings and Order for Judgment of September 30, 1992 dealt only on liability issues as the parties and the Court had concurred that it was best to bifurcate the matter so that the liability issues would be tried first and the damages phase of the litigation tried subsequently. In my Memorandum of Decision which was filed on September 30, 1992 in respect to liability, I found specifically that the plaintiff had been terminated from his employment in retaliation for the exercise of his right to bring a derivative action. Moreover, I determined that the firing of the plaintiff by F.S. Payne was a retaliatory firing which violated a well defined public policy. Accordingly, I concluded in my Memorandum of Decision which was filed on August 11, 1993 that an award of counsel fees and expenses was justified as against the defendant F.S. Payne. I ruled that when a defendant breaches a well defined public policy by firing an individual in retaliation for his participation in a derivative action that attorneys fees and costs are recoverable in such an action. Therefore, I award damages for attorneys fees and expenses to the plaintiff in respect to this claim against F.S. Payne Co. Moreover, attorneys fees are recoverable if the employee has to sue his employer to enforce a broken contract of employment. See Mailhiot v. Liberty Bank and Trust Co., 24 Mass.App.Ct. 525, 530-32.
In my Memorandum of Decision on liability which was filed on September 30, 1992,1 concluded that the defendants Robert F. Driscoll, Albert Marchant and Michael Martin had intentionally interfered with the contractual or advantageous employment relationship that the plaintiff King enjoyed with F.S. Payne Co. The defendants’ intentional and malicious interference with that contractual relationship which proximately caused King’s discharge from F.S. Payne Co. subjects the defendants Robert F. Driscoll, Albert Marchant and Michael Martin to the award of counsel fees and expenses. “While . . . counsel fees are not ordinarily collectible as an element of damage, the rule has its exception in the event of tortious conduct [which requires] the victim of the tort to sue ... a third party in order to protect his rights.” M.F. Roach Company v. Provincetown, 355 Mass. 731, 732 (1969). To make the matter absolutely clear, I do not make an award of attorneys fees and expenses based on any claim by the plaintiff for damages based on the duty of utmost good faith and fair dealing which shareholders in a close corporation owe to each other. A court is not permitted to award counsel fees and expenses for the violation of this duty. See Sugarman v. Sugarman, 797 F.2d 3, 15-16 (1st Cir. 1986).