Minehan, J.
This case presents the issue of whether it was error for the Trial Court to award attorney’s fees and double damages to plaintiff. We find there was error in the award of attorney’s fees and double damages.
This action arises out of an insurance claim filed by plaintiff for damages to a stolen and recovered motor vehicle. Defendant, Hanover Insurance Company, denied the claim. On March 11, 1994, plaintiff filed a complaint against Hanover seeking $20,000.00 in damages pursuant to a contract of insurance.
After trial, the Court awarded $6,900.00 in damages to plaintiff. The Court also ordered attorney’s fees which were to be determined after a hearing. Defendant filed a motion to vacate an order of attorney’s fees, asserting that such fees could not be awarded as a matter of law. The motion was denied. The parties later appeared at a hearing before the Court, following which the Court awarded plaintiff $3,500.00 in attorney’s fees.
We disagree with the Trial Court’s award of attorney’s fees. Absent rule, contract or statutory language, a party must bear its own cost of litigation. Waldman v. American Honda Motor, 31 Mass. App. Ct. 451, 453 (1991). The Court made no subsidiary findings that the award of attorney’s fees was based on applicable statute or rule.
Plaintiff also filed a post-verdict request for double damages, which defendant opposed. The appellant argues that the Court stated, off the record, that the award included double damages. While the record is silent on the issue of the double damage award, the Trial Court’s Amended Findings specify that “all damages are included” in the finding of $6,900.00.
Plaintiff’s complaint did not make a claim for multiple damages or attorney’s fees. Further, the plaintiff pleadings allege no violation of M.G.L.c. 93A nor do they include any allegations that a demand letter was sent to the defendant. Plaintiff’s cause of action is for breach of contract.
Plaintiff is not entitled to attorney’s fees or double damages. Defendant correctly asserts that M.G.Lc. 90, §340 does not apply to loss occasioned by the theft of a motor vehicle, but rather only to collision claims.
Accordingly, this Court vacates the award of attorney’s fees and remands the case to the trial judge for a determination of a single damage award.