Macdonald, D. Lloyd, J.
This case is before the Court on a motion to dismiss filed by the defendants the Board of Selectmen of the Town of Westport and the Town Administrator (collectively, the “Defendants”). The Defendants move to dismiss plaintiff Harold Sisson’s complaint for a permanent injunction and for attorneys fees and costs. The motion is ALLOWED.
Background
The facts underlying Sisson’s claims are largely undisputed. He is the elected Highway Supervisor for the Town of Westport. The legislature authorized the creation of the Highway Supervisor position and defined the scope of his authority. G.L.c. 41, §62. “If a highway surveyor be chosen, he shall have the exclusive control of the ordinary repair of public ways in his *460 town without being subject to the authority of the selectmen.” Id.
In March 2008, Sisson discovered that the driver’s license of a highway department employee, David Garant (“Garant”), had been suspended several months earlier. As Garant was required to drive town vehicles in the course of his employment, Sisson dismissed Garant within a few days of this discovery. Garant’s license had since been reinstated. Garant, a union member, asked his union representative to contest his dismissal according to the procedures laid out in the collective bargaining agreement (the “Collective Bargaining Agreement”). See infra, n.l.
The Collective Bargaining Agreement, executed by union representatives and the Board of Selectmen, allows a covered employee to seek redress with the Board of Selectmen. The union declined to take up Garant’s cause. He then brought his grievance to the Board of Selectmen, and the Board held a hearing on the matter. The Board voted to reinstate Garant and executed an agreement to that effect. Sisson refused to allow Garant to return to work. Nevertheless, the Defendants have continued to pay Garant’s salary from Highway Department funds.
Sisson brings the instant action seeking a permanent injunction barring the Defendants from interfering with Sisson’s termination of Garant’s employment and seeking reimbursement for the attorney fees and costs associated with bringing this action. The Defendants move to dismiss, arguing that Sisson’s claims are without merit on their face because the Town is the appointing authority and because the Board of Selectmen have the authority to settle disputes such as Garant’s. As to attorneys fees, the Town states that it has no duty to reimburse Sisson for attorney fees where Sisson failed to follow the prescribed procedure.
Standard of Review
The Supreme Judicial Court’s recent decision in Iannacchino v. Ford Motor Co. states the standard of review on a motion to dismiss:
“While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” What is required at the pleading stage are factual “allegations plausibly suggesting (not merely consistent with)” an entitlement to relief, in order to “reflect! ] the threshold requirement of [Fed.R.Civ.P.] 8(a)(2) that the ‘plain statement’ possess enough heft to *sho[w] that the pleader is entitled to relief.’ ”
451 Mass. 623, 635-36 (2008) (internal citations omitted).
Therefore, the question that will determine the outcome of the Defendants’ motion to dismiss is whether, assuming all of the allegations in his complaint are true, Sisson has “plausibly suggest[ed]” first, that the actions of the Board of Selectmen have interfered with the lawful operation of the Highway Department and, second, that Sisson is entitled to reimbursement of the costs he has incurred in bringing this action.
Discussion
Injunction
The Town argues that Sisson has failed to state a claim upon which relief can be granted because the Board, and not Sisson, is the appointing authority for Garant’s position. Sisson counters that he is the appointing authority because he has been duly elected to his position.
As a first principle, the power of appointment is an executive function. City Council of Boston v. Mayor of Boston, 383 Mass. 716, 721 (1981). The power to appoint resides in the mayor or board of selectmen of a town unless some other officer is designated as the appointing authority. G.L.c. 4, §7. As the Defendants point out, the state legislature on occasion has chosen to explicitly grant the authority to appoint staff to certain town officers other than the executive authority, such as the park commissioners, town clerks, and treasurers. G.L.c. 45, §5, G.L.c. 41, §§19, 39A. There is no such grant of authority for highway supervisors. See G.L.c. 40, §62.
Sisson, nevertheless, asserts that there has been a pattern of practice in Westport of highway supervisors appointing their own employees. See Atkinson v. Ipswich, 34 Mass.App.Ct. 663, 666 (1993). Even if there has been such a practice, Sisson has not pointed to any legal authority suggesting that the highway supervisor has the final word on employment matters.
Further, the Town’s Collective Bargaining Agreement specifically provides that the Board of Selectmen has the final word on employment matters.[1] Sisson has not challenged the validity or legality of the Collective Bargaining Agreement. It contains a procedure for pursuing a grievance against a supervisor that involves appealing to the Board. In this case, that procedure was not followed to the letter, because Garant’s union representative declined to take up his case. However, the existence of a procedure within the agreement which demonstrates a higher authority than Sisson in employment matters undermines his position that he has the ultimate authority.
Sisson’s reliance on Shea v. Town of Lexington, 290 Mass. 361, 368 (1935), is unpersuasive. There, the Board of Selectmen of Lexington were acting as the Highway Supervisor, as permitted by statute. Id. at 367. The Court found that since the Selectmen were acting as Highway Supervisor rather than as “agents of the town, the town would not be liable for their acts, or the acts of their subordinates” under a theory of *461 vicarious liability. Id. at 369 (citations omitted). The SJC did not address the scope of the Highway Supervisor’s authority vis á vis the Board of Selectmen.
2. Fees and Costs
The usual rule is that each party must be responsible for its own legal expenses. Waldman v. American Honda Motor Co., Inc., 31 Mass.App.Ct. 451, 453 (1991). Sisson argues that the defendants acted unlawfully in reinstating Garant and that that unlawful act caused him to incur the attorneys fees and costs necessary to right the wrong. However, he states no authority to support his contention that the Town’s action was unlawful.
The case is controlled by McCoy v. Kingston, 68 Mass.App.Ct. 819, 826-27 (2007). In that case, an elected tax collector incurred legal fees in a dispute with a taxpayer. Id. at 820. The tax collector retained private counsel without seeking approval from the Board of Selectmen, in violation of a 1994 town policy. Id. The court held that when a town has a procedure to obtain representation — which Westport does — that procedure must be followed. Id. at 826-27. If a town employee complies with the procedure for requesting legal representation and is rebuffed, he or she may sue to enforce a right of indemnity. Id. at 827. See Triplett v. Oxford, 439 Mass. 720, 724 (2003).
Having failed to plead that he obtained (or even sought) approval from the Town in the first place, Sisson is not entitled to seek reimbursement from the Superior Court. Circumventing town procedure in this way “would erode, if not effectively eliminate, any screening role or gate keeping function that enables the town to retain a degree of control over indemnification.” McCoy, 68 Mass.App.Ct. at 827.
ORDER
The Defendants’ motion to dismiss is ALLOWED and the plaintiffs complaint is DISMISSED.

The Collective Bargaining Agreement, executed by the Selectmen of the Town of Westport and representatives of Local 254, is Exhibit 2 to Defendants’ Opposition to Plaintiffs Request for Preliminary Injunction. Article 3 sets up the process for addressing the grievances of union employees. First, the Union Representative must bring the issue to the employee’s “immediate department head.” In this case, Sisson was Garant’s immediate department head. If unsatisfied, the Representative may complain to the Board of Selectmen in writing. The final recourse is binding arbitration.