Merrick, J.
The plaintiff, Richard Tarvezian (“Richard”), and the defendant, George Tarvezian (“George”), are a pair of litigious brothers who most prominently have been involved in an action in the Land Court to partition some family property. An appeal by George of the judgment in that action was not only unsuccessful, but also resulted in the Appeals Courfs order that he pay $250.00 in attorney’s fees to Richard. George refused to pay. Richard obtained an execution from the Land Court, and commenced this action for trustee process in the Dedham District Court to obtain the payment from funds held for George from the sale of the partitioned property. After his motion for summary judgment resulted in a judgment for $250.00, but no interest or costs, Richard moved to have the judgment amended to provide for interest and costs (service of process and case entry fees). That motion was denied, and Richard has appealed the denial of interest and costs to this Appellate Division.
1. The execution issued by the Land Court for the $250.00 in attorney’s fees upon which Richard brought this action does not include any provision for interest, either prejudgment or postjudgment. As to the judgment in this trustee process action, however, interest is governed by G.L.c. 231, §6H. The statute provides: “In any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon at the rate provided by section six B to be determined from the date of commencement of the action ... “ (emphasis added). Section 6B of G.L.c. 231 specifies an interest rate of twelve (12%) percent. No discretion is involved. The award of prejudgment interest is a ministerial act to be performed by the clerk. O’Malley v. O’Malley, 419 Mass. 377, 381 (1995); National Starch & Chem. Co. v. Greenberg, 61 Mass. App. Ct. 906, 908 (2004). “Interest accrued up to the date of entry of a judgment shall be computed by the clerk according to law” (emphasis added). Mass. R. Civ. R, Rule 54(f).
2. While Massachusetts generally follows the “American Rule” providing that the litigant must bear his own expenses, “[cjertain taxable costs ... are recoverable as a matter of course by successful litigants.” Waldman v. American Honda Motor Co., 413 Mass. 320, 322 (1992). Section 1 of G.L.c. 261 provides that “[i]n civil actions the prevailing party shall recover his costs, except as otherwise provided.” Reflecting the statute, Mass. R. Civ. R, Rule 54(d) provides:
Except when express provision therefor is made either in a statute of the Commonwealth or in these rules, costs shall be allowed as of course to the *212 prevailing party unless the court otherwise directs . . . Except for those costs which are subject to the discretion of the court, costs dial! be taxed by the clerk according to law (emphasis added).
Those statutory costs to be taxed as a matter of course by the clerk include the costs sought in this action, namely, the statutory fees for filing an action, G.L.c. 261, §26, and for service of process (not to exceed $20.00 for each defendant), G.L.c. 262, §8(a)(1).[1] Waldman v. American Honda Motor Co., 31 Mass. App. Ct. 451, 457 n.10 (1991), rev'd on other grounds, 413 Mass. 320 (1992). Rule 115[2] of the Dist./Mun. Cts. Supp. R. Civ. R does not bar recovery of actual “taxable cash disbursements” even in cases brought for less than the small claims statutory limit.
An amended judgment for the plaintiff that includes interest and costs shall be entered by the trial court clerk.
So ordered.

 Richard is not claiming costs that are discretionary, rather than statutory. See G.L.c. 261, §13; George v. Coolidge Bank & Trust Co., 360 Mass. 635, 640 (1971); Frank O’Connor Realty Co. v. Patsades, 8 Mass. App. Ct. 924, 925 (1979).

 Rule 115 states: “In a civil action begun pursuant to the District/Municipal Courts Rules of Civil Procedure in which the finding of debt or damages does not exceed the statutory limit for small claims proceedings in effect at the commencement of such civil action, no costs other than the taxable cash disbursements shall be recovered by the plaintiff, except by special order of the court for cause shown.”